UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

Ady Yesenia OSCAL,
Defendants.

Case No.: 23-cr-1946-AGS

**ORDER DENYING MOTION TO ALTER SENTENCE (ECF 57)**

Defendant Ady Yesenia Oscal moves the Court to "update[]" her "judgment" to make her eligible for "FSA [First Step Act] credits and good time." (*See* ECF 57, at 1.) She alleges that this Court "told" her that she "would be eligible," but that her Bureau of Prisons "case manager" "has decided" to "make[] her ine[li]gible." (*Id*. at 1–2.)

Though this motion was docketed as a motion to reduce sentence "[p]ursuant to 18 U.S.C. [§] 3582(c)," Oscal appears to be challenging her *confinement*, not her sentence. (*See* ECF 57, at 1–2.) So, the Court interprets the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Oscal alleges that she is in custody at "Victorville, FCI," in "Adelanto," California. (ECF 57, at 1.) Because Adelanto is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division, *see* 28 U.S.C. § 84(c)(1), and defendant did not name the warden as a respondent (*see* ECF 57, at 1), this Court does not have jurisdiction to hear the claim.

Even if this Court did have jurisdiction, however, defendant loses on the merits. She claims that, "[a]t the time of my sentence, I was clearly told by you[,] Judge[,] that I qualify for FSA and that I would serve 11 months [and a] ½ which would be served parti[]ally . . . at a halfway house." (ECF 57, at 2; *see also id*. ("The court transcript from the sentencing will prove that I am eligible for FSA and that I would only serve[] 11.5 months.").) Not so.

According to the sentencing transcript, this Court imposed a custodial sentence of "21 months" and never mentioned FSA credits nor any shorter period of custody. (*See* ECF 58, at 15–17; *id*. at 19–20; *see also* ECF 51, at 2.) Likewise, the Court never discussed serving any of the sentence at a halfway house. (*See generally* ECF 58.) The only discussion of location was the Court's "recommendation that she be placed as close to Los Angeles as possible" "to facilitate family visits," while emphasizing "[t]hat's just a recommendation." (*Id*. at 17–18.)

For all these reasons, Oscal's motion is **DENIED**.

Dated: July 21, 2026

Hon. Andrew G. Schopler
United States District Judge